UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN DELGADO,<br><br>                Petitioner,<br><br>  v.<br><br>ALBERTO R. GONZALEZ, United States Attorney General, et al.,<br><br>                Respondents. | CASE NO: 07-CV-1315 W (CAB)<br><br>**ORDER GRANTING IN-PART PETITION FOR HABEAS CORPUS** |

      On July 19, 2007, Petitioner Hernan Delgado, a Department of Homeland Security detainee proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  According to the Petition, on June 10, 2003, Delgado was ordered removed by an immigration judge.  Delgado appealed the removal order to the Ninth Circuit, which issued a stay of removal pending a decision on the appeal.

      Since the appeal, Delgado has remained in Respondents' custody.  Delgado contends that his continued detention violates <u>Zadvydas v. Davis</u>, 566 U.S. 678 (2001), as subsequently applied by the Ninth Circuit.  For the reasons discussed below, the

---

[1] The case was originally assigned to the Honorable M. James Lorenz. On October 12, 2007, the matter was reassigned to this Court. On December 4, 2007, Delgado's motions to proceed IFP and for appointment of counsel were granted.

Court agrees and, therefore, **GRANTS IN-PART** Delgado's Petition and **ORDERS** Respondents to provide Delgado with a bail hearing within 10 days.

### I.  FACTUAL BACKGROUND

Delgado is a native and citizen of El Salvador.  (Pet., 2:27–28.)  In 1980, at the age of 10, Delgado was brought to the United States after the political murder of his parents.  (*Id.*)  He was admitted as a non-immigrant visitor.  (Resp.'s Brief, Ex. A.)

On November 14, 2000, Delgado was convicted of driving under the influence of drugs and alcohol, and sentenced to 16 months in prison.  (*Id.* Exs. A, B.)  As a result of the conviction, on August 8, 2001, Immigration and Customs Enforcement ("ICE") began removal proceedings.  (*Id.*, Ex. C.)  Delgado was charged with deportability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony, and 8 U.S.C. § 1227(a)(1)(B), for allegedly overstaying a temporary visitor visa.  (*Id.*)

Pending removal proceedings, Delgado was released from custody on a $10,000 bond.  (*Id.*, Ex. D.)  Delgado, however, failed to appear at his December 21, 2001 removal hearing because he was in state custody for another DUI offense.  (*Id.*, Ex. F, K at 150.)

On February 6, 2003, Delgado was returned to ICE custody and his removal proceedings recommenced.  On June 10, 2003, an immigration judge ("IJ") ordered Delgado removed and denied his applications for asylum, withholding of removal under the Convention Against Torture, suspension of deportation, and cancellation of removal.  (*Id.*, Ex. H.)  The IJ also found Delgado ineligible to adjust status and denied his request for voluntary departure for lack of good moral character.  (*Id.*)

Delgado appealed the IJ's decision, and on November 4, 2003, the Board of Immigration Appeals upheld the decision.  (*Id.*, Ex. G.)  On December 4, 2003, Delgado filed an appeal and request for stay of deportation with the Ninth Circuit.  (*Id.*, Ex. J.)  The stay was granted, and oral argument on the appeal was held on November 18, 2005.  To date, the Ninth Circuit has not issued a decision.

Meanwhile, the Department of Homeland Security ("DHS") has refused to allow Delgado supervised release based on DHS's determination that he is both a flight risk and a danger to the community. (*Id.*, Exs. K, L.) Accordingly, on July 25, 2005, Delgado filed his first habeas petition in Delgado v. Chertoff, 05cv1460-W. The petition asserted that Delgado's detention was unlawful under Zadvydas v. Davis, 566 U.S. 678 (2001). On April 19, 2006, this Court denied the petition finding that because Delgado's continued detention was the result of his appeal before the Ninth Circuit, Zadvydas did not apply. (See Case No. 05cv1460, Doc. No. 8.)

On April 23, 2007, Delgado filed a second habeas petition in Delgado v. Gonzalez, 07cv0741-H. On May 4, 2007, Judge Marilyn L. Huff dismissed the petition without prejudice on the basis of this Court's dismissal of Delgado's first petition.

On July 23, 2007, Delgado, this time with the assistance of counsel, filed the current habeas petition. Delgado argues that his detention–which now exceeds five years–is unlawful under Zadvydas as interpreted by the Ninth Circuit in Tijani v Willis, 430 F.3d 1241 (9th Cir. 2005), and Nadarajah v. Gonzales, 443 F.3d 1069 (9th 2006).

## II. DISCUSSION

Respondents argue that Delgado's Petition should be denied on procedural and substantive grounds. For the reasons discussed below, the Court disagrees.

### A. Delgado's Petition is not subject to AEDPA's bar on successive petitions.

Respondents argue that the Petition should be denied as successive. Although Respondents do not specify the basis for this argument, they appear to rely on the Antiterrorism and Effective Death Penalty Act's ("AEDPA") bar on successive habeas petitions.

But unlike petitions filed under 28 U.S.C. § 2255, there is no automatic bar to an INS detainee's successive Section 2241 habeas petition. Barapind v. Reno, 225 F.3d

1100, 1111 (9th Cir. 2000); see also, Blair-Bey v. Quick, 151 F.3d 1036, 1046 (D.C. Cir. 1998) (confirming that AEDPA's bar on filing second or successive habeas petitions in district court does not apply to Section 2241 petitions). Accordingly, assuming arguendo that Delgado's Petition is successive, it is not barred under the AEDPA's gatekeeping provisions.

**B.  Delgado's Petition is not barred by the abuse-of-writ doctrine.**

Respondents argue that Delgado's Petition should be dismissed under the abuse-of-writ doctrine. The doctrine "defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." McCleskey v. Zant, 499 U.S. 467, 470 (1991). The government bears the initial burden of pleading the abuse-of-writ doctrine. McCleskey, 499 U.S. at 494. The burden then switches to the petitioner. In order to "excuse his failure to raise the claim earlier, [the petitioner] must show cause for failing to raise it and prejudice therefrom. . . ." Id. To establish cause, petitioner must show that "'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." Id. at 493 (citation omitted). This may be satisfied by "showing that the factual or legal basis for a claim was not reasonably available to counsel." Id. at 494 (citation omitted).

Delgado claims that his continued detention is contrary to the Ninth Circuit's decisions in Tijani and Nadarajah. Because these cases were decided *after* Delgado filed his first petition, Respondents do not argue that Delgado's current claim should have raised in the first petition. Instead, Respondents contend that Delgado should have raised the claim in his second petition filed on April 23, 2007. (See Resp.'s Brief, 5:20–21.)

But Delgado's second petition was dismissed *without prejudice*, before the parties had an opportunity to submit briefing. (See Case No. 07cv741, Doc. No. 4.) Because the second petition was not decided on the merits, it cannot serve as the basis for

applying the abuse-of-writ doctrine. See Barapind, 225 F.3d at 1112 ("[U]nder the pre-AEDPA abuse of the writ doctrine, a numerically successive petition was not a 'second or successive' petition if . . . the first petition terminated without a judgment on the merits.") Accordingly, Delgado's current Petition is not barred under the abuse-of-writ doctrine.

### C. Delgado's Continued Detention Violates Tijani.

Pursuant to federal law, certain categories of removable aliens, including those who have criminal convictions mandating their removal, may be detained for longer than the 90-day statutory removal period. 8 U.S.C. §1231(a)(6). Continued detention, however, is subject to due-process limitations.

In Zadvydas, the Supreme Court evaluated whether post-removal detention under section 1231(a)(6) was limited to a reasonable period or could be indefinite. Because a statute "permitting indefinite detention of an alien would raise a serious constitutional problem," the Court held that post-removal detention under section 1231(a)(6) is presumptively reasonable for 180 days. Id. 533 U.S. at 690, 701. Thereafter, if the "alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. at 701.

Subsequent to Zadvydas, the Ninth Circuit decided Tijani. In Tijani, the petitioner had been in custody for two years and eight months, while the appeal of his removal order was pending before the Ninth Circuit. Citing Zadvydas, the Ninth Circuit held that "[d]espite the substantial powers that Congress may exercise in regard to aliens, it is constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." Tijani, 430 F.3d at 1242. Thus, the Ninth Circuit remanded the case to the district court with

directions to grant the writ "unless the government . . . provides a hearing to Tijani before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community. [Citation omitted.]" Id.

Respondents argue that Tijani does not apply to this case. Although Respondents raise a number of arguments, each is premised on two underlying theories, neither of which is persuasive.

First, Respondents contend that Tijani bars only prolonged administrative detentions, and does not apply to prolonged detentions during a petitioner's judicial appeal. Because Delgado's administrative detention was not prolonged, Respondents argue that Tijani does not apply.

Although Tijani involved a prolonged administrative detention, the Ninth Circuit did not limit its holding to that period of confinement. Tijani was in administrative detention for approximately one year and eight months. In holding that Tijani's detention was unlawful, the Ninth Circuit emphasized that the total length of his detention, including the period of his judicial appeal, was unlawful:

> As of today's date, Tijani has been deprived of his liberty by the government for a period of over two years and eight months. . . . Despite the substantial powers that Congress may exercise in regard to aliens, it is constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal. *See Zadvydas v. Davis,* 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

Id. at 1242. Accordingly, Tijani does not simply bar prolonged administrative detention.

Indeed, other district courts confronted with this issue have rejected similar attempts to limit Tijani. See Judulang v. Chertoff, 535 F.Supp.2d 1129, 1132 (S.D.Cal. 2008, J. Gonzalez) (interpreting Tijan as applying to detention during judicial review); Mustanich v. Gonzales, No. 07cv1100 WQH, 2007 WL 2819732 at *5 (S.D.Cal. Sept. 26, 2007) (finding that under Tijani, the court must consider the detention period

during judicial review in considering the reasonableness of an alien's detention); Martinez v. Gonzales, 504 F.Supp.2d 887, 897 (C.D.Cal. 2007) (rejecting argument that time detained during judicial appeal does not count toward the reasonableness of a lengthy detention); Ali v. Crawford, No. CV 06-01149 PHX-EHC, 2007 WL 1670165 at *4 (D.Ariz. June 8, 2007) (holding where petition contested removability, prolonged detention violated Tijani even if not due to the unreasonable delay of the INS); Yoon v. Crawford, No. CIV 06-3068 PHX-SMM (MHB), 2008 WL 45405 (Janu. 02, 2008) (adopting recommendation that district court apply Tijani despite the majority of the detention being attributable to the Ninth Circuit appeal).  The Court agrees with these decisions and finds that Tijani bars prolonged detention during a petitioner's judicial appeal.

Respondents' second argument is that Delgado's detention does not violate Zadvydas or Tijani because his removal is reasonably foreseeable and not indefinite.  In essence, Respondents appear to contend that because his judicial appeal will eventually be resolved, his detention is not unlawful.  But as the Supreme Court in Zadvydas clarified, in order "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."  Id. 533 U.S. at 701.

Here, Delgado's post-removal confinement is fast approaching five years, a length of time the Ninth Circuit has described as "plainly unreasonable under any measure."  Nadarajah, 443 F.3d at 1080 ("A detention of nearly five years–ten times the amount of time the Supreme Court has considered acceptable absent a special showing–is plainly unreasonable under any measure.").  Additionally, there is no indication as to when Delgado will be removed, if ever.  Accordingly, the Court finds that Delgado's detention unlawful.

### III.   CONCLUSION & ORDER.

For the foregoing reasons, the Court **GRANTS IN-PART** Delgado's Petition

1 | for writ of habeas corpus, and **ORDERS** as follows:

2 | • Within 10 days of this order, Respondents must provide Delgado a
3 | hearing before an immigration judge with the power to grant him bail
4 | under appropriate conditions unless Respondents establish that he is a
5 | flight risk or will be a danger to the community.

7 | **IT IS SO ORDERED.**

10 | DATED: May 13, 2008

_____
Hon. Thomas J. Whelan
United States District Judge